Per Curiam.

The plaintiff's brought suit against the defendants as indorsers of a promissory note. The note was made by Lockhart, payable to Chewning & Dawson, and by them indorsed to R. G. Crozier : by Crozier it was indorsed to H. & S. Dawson, and by them indorsed to Chewning, McNeil, & Co., who indorsed it to the plaintiffs. The last mentioned indorsement was stricken out, and not noticed in the pleadings. On this state of the case, the court charged the jury, “ that they must find for the defendants, because it appeared that the note sued on was indorsed by Chewn-ing & Dawson to R. G. Crozier, and afterwards came by indorsement to the hands of H. & S. Dawson, before it was indorsed to the plaintiffs, and because it (the note) appears to have been indorsed by Chewning, McNeil, & Co. after it was by H. & S. Dawson, which indorsement of Chewning, McNeil, & Co., had *417 been erased.” It was admitted that H. Dawson was a member of both firms, and that Chewning was also a member of the first firm, arid also of the firm of Chewning, McNeil & Co.
' It is difficult to perceive on what legal principles, or by what course of reasoning this charge was given. So far from not being liable at all, H. Dawson was liable in a' double capacity, and so would Chewning have been, if the last indorsement had not been stricken out. The case bears no analogy to those cases in which the indorsers are discharged by the note falling into the hands of the maker; nor to the cases in which subsequent indor-sers are discharged by its coming to the hands of a prior indorser in the course of business. It is wholly immaterial what the rights of Chewning & Dawson, and H. & S. Dawson were towards each other, the bank became a subsequent holder by virtue of their indorsements, and both firms, became liable for the payment. But to place the case in the most favorable point of view, suppose Crozier had indorsed the note back to Chewning & Dawson, then by indorsing it again, they would have become liable to the holder. ■ Now if H. & S. Dawson really lifted the note, or paid for Chewning & Dawson, and put it out again, they became liable on their last indorsement. H. & S. Dawson were in reality a ‘different firm from Chewning & Dawson, and as to third persons . the indorsements present no difficulty.-. It-does not follow becapse H. & S. Dawson could not have sued Chewning & Dawson, that a subsequent indorser may not sue both firms.' When' the note came tp the hands of the bank, the 'difficulty was removed.
It -was not improper to strike out the indorsement of Chewn-ing & McNeil; the propriety of such a course cannot now be questioned. An endorsement may be stricken out even at the trial, if it be necessary.' In any(point of view, there was error in the charge ¡ ; . , • , ,
The judgment must be reversed, .the cause reinanded, and venire de novo awarded.